IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 2842 |
| | ) | |
| v. | ) | Judge Joan Lefkow |
| | ) | |
| UNITED PARCEL SERVICE, INC., et al. | ) | Magistrate Judge Denlow |
| | ) | |
| Defendants. | ) | |

**UNITED PARCEL SERVICE'S**
**MOTION TO DISMISS COMPLAINT**

Defendant United Parcel Service, Inc. ("UPS") moves this Court pursuant to Rule 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure to dismiss the Complaint of Charles Martin ("Martin"). In support of its motion, UPS states as follows:

1.  On March 21, 2008, Martin filed his *pro se* Complaint in the Circuit Court of Cook County. UPS timely removed the action to this Court on May 15, 2008 on the basis of Martin's Complaint presenting a federal question under 28 U.S.C. § 1331. Martin's Complaint alleges that from 2002 to the present, he was subject to "various conditions of abuse as to occupational hazards and over exposure [sic]" allegedly causing harm to his physical and mental well-being. (Compl. p. 2.) In his Complaint, Martin states that he would like his allegations "to go through [sic] National Labor Relations Board," the agency responsible for administering the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151, et seq. (Compl. p. 1.) UPS now moves to dismiss Martin's Complaint pursuant to Rule 12(b)(6) because his allegations do not present any possible violations of the NLRA.

2.  The NLRA specifically protects employees' rights "to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own

choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection." 29 U.S.C. § 157.

3. Martin's Complaint does not allege that he even exercised any rights guaranteed to him under the NLRA, such as his right to self-organize, form, join, or assist labor organizations or his right to collectively bargain.

4. Martin's Complaint does not contain any allegations that his right to self-organization, right to form, join, or assist labor organization, right to bargain collectively, or right to engage in any other concerted activity for the purpose of collective bargaining was hindered or violated in any manner by UPS.

5. The NLRA also prohibits an employer from taking an adverse action against an employee in order to discourage union activities. 29 U.S.C. §158(a)(3).

6. Martin's Complaint does not allege that UPS discriminated against him in order to discourage his participation in union activities or that UPS acted against him based upon antiunion animus.

7. Because Martin's Complaint is devoid of any reference to his exercise of rights protected under the NLRA or any reference to UPS discriminating against him or hindering any exercise of his rights protected under the NLRA, his Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

8. Martin's Complaint should also be dismissed because the National Labor Relations Board ("NLRB"), not this Court, is empowered with primary jurisdiction to determine what constitutes an unfair labor practice.

9. UPS submits herewith a memorandum of law in support of this Motion.

- 3 -

WHEREFORE, Defendant United Parcel Service, Inc. requests that this Court dismiss Plaintiff's Complaint with prejudice pursuant to Rules 12(b)(6) and 12(b)(1) and award its costs, including attorneys' fees, reasonably incurred in obtaining dismissal.

Dated: May 22, 2008

Respectfully submitted,

UNITED PARCEL SERVICE, INC.

By: /s/ Sepideh Esmaili
    One of Its Attorneys

John A. Klages, ARDC #06196781
Ellen M. Girard, ARDC #06276507
Sepideh Esmaili, ARDC #6292779
Quarles & Brady LLP
500 West Madison Street, Suite 3700
Chicago, Illinois 60661
(312) 715 – 5000
JK2@quarles.com
egirard@quarles.com
sesmaili@quarles.com

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on May 22, 2008, a copy of the foregoing UPS' MOTION TO DIMISS PLAINTIFF'S COMPLAINT was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

The undersigned also certifies that she served a true and correct copy of the foregoing UPS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT upon:

> Charles Martin
> 768 W. Jackson Blvd.
> Chicago, Illinois 60661

by placing the same in the U.S. Mail at 500 West Madison Street, Chicago, Illinois 60661, properly addressed and first class postage prepaid, before 5:00 p.m. on May 22, 2008.

/s/ Sepideh Esmaili