IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 2842 |
| | ) | |
| v. | ) | Judge Joan Lefkow |
| | ) | |
| UNITED PARCEL SERVICE, INC., et al. | ) | Magistrate Judge Denlow |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF
UPS' MOTION TO DISMISS COMPLAINT**

Defendant, United Parcel Service, Inc. ("UPS"), submits this memorandum of law in support of its motion to dismiss Plaintiff Charles Martin's ("Plaintiff" or "Martin") Complaint pursuant to Fed. R. Civ. P. Rule 12(b)(6) and 12(b)(1). Martin's Complaint advances a host of incoherent and puzzling allegations against UPS, other individuals, organizations, and companies. Specifically, Martin alleges that for five years of employment with Avenue Meal Company, he was subjected to "various conditions of abuse as to occupational hazards and over exposure [sic]" that allegedly caused harm to his physical and mental health. (Compl. p. 2.) Martin explicitly states in his Complaint that he would like his allegations to proceed through the National Labor Relations Board ("NLRB"), the agency charged with enforcing the rights protected by the National Labor Relations Act ("NLRA" or "the Act"), 29 U.S.C. § 151, et seq. Martin's claims, however, fail as a matter of law and should be dismissed because he fails to allege that he engaged in any activities protected by the NLRA. Martin's claims should also be dismissed because he fails to even allege that UPS took any actions that could remotely be construed as a violation of any rights protected under the NLRA. Moreover, Martin's claims

should be dismissed because the NLRB, not this Court, is empowered with primary jurisdiction to determine what constitutes an unfair labor practice.

## BACKGROUND

Martin filed his Complaint with the Circuit Court of Cook County on March 21, 2008. UPS filed its timely Notice of Removal to remove the action to this Court on May 15, 2008 on the basis of Martin's Complaint presenting a federal question under 28 U.S.C. § 1331.

## COMPLAINT ALLEGATIONS

Martin's rambling and incoherent Complaint weaves a confusing and bizarre set of allegations against UPS, various individuals, corporations, and public and educational institutions. Martin explicitly states at the start of his Complaint that he would like his allegations to proceed through the NLRB. (Compl. p. 1). Specifically, Martin alleges that for five years of employment from 2002 to the present, he was subjected to "conditions of abuse as to occupational hazard and over exposure [sic]," which caused harm to his physical and mental health. (Compl. p. 2.) Martin claims that the conditions he complains of existed constantly during his employment with Avenue Meal Company. (Compl. p. 2.)

Moreover, Martin specifies that the "conditions of abuse" he is complaining of include: "(1) theft of private groin; (2) influence of them and those of customers: (a) United Parcel Service; (b) Federal Express Service; (c) KGF Storage and Delivery Service; (d) United States Postal Service; (e) and various other companies; (f) Harvard Law School of Harvard University; (g) Chicago Police Department; (h) Illinois State Police; (i) Union Shop and their Insurance personally and professionally." (Compl. p. 2.) Further, Martin claims that various clients of and individuals employed by an unnamed entity from 2003 to present "stole his private groin" for each eight (8) hour working day. (Compl. p. 3.) Among individuals Martin points out as having

"stolen his private groin" is an alleged UPS employee by the name of "George."  (Compl. p. 3.) For the violations he has allegedly suffered, Martin demands $330 billion in real and punitive damages.  (Compl. p. 3.)

## ARGUMENT

This Court should dismiss Martin's muddled Complaint because Martin did not allege any activities protected by the NLRA nor has UPS acted in any manner that could be construed as a violation of the Act.  Moreover, Martin's Complaint should be dismissed because even if his allegations present a possible violation of § 7 or § 8 of the NLRA, this Court does not have jurisdiction over the matter.

### A. Martin's Allegations Present No Possible Violations of His Rights Under the NLRA

The NLRA embodies a public policy that aims to foster the free flow of commerce by promoting the collective bargaining process and protecting the exercise by workers of full freedom of association, self-organization, and designation of representatives of their own choosing, for the purpose of negotiating the terms and conditions of their employment or other mutual aid or protection.  Bloedorn v. Francisco Foods, Inc., 276 F.3d 270, 300 (7th Cir. 2001) (citing 29 U.S.C. § 151).  Accordingly, § 157 of the NLRA guarantees employees' rights to form, join or assist labor organizations and to engage in activities for the purpose of collective bargaining.  SCA Tissue North America v. NLRB, 371 F.3d 983, 988 (7th Cir. 2004) (citing 29 U.S.C. § 157); Huck Store Fixture Co. v. NLRB, 327 F.3d 528, 533 (7th Cir. 2003).  An employee's rights under the NLRA are protected by a provision of the statute making it unlawful for an employer "to interfere with, restrain, or coerce employees in the exercise of rights guaranteed in section 157." Sears, Roebuck & Co. v. NLRB, 349 F.3d 493, 503 (7th Cir. 2003) (citing 29 U.S.C. § 158(a)); Van Vlerah Mechanical, Inc. v. NLRB, 130 F.3d 1258, 1262-63 (7th

Cir. 1997)). In determining whether an employer's activities are forbidden by § 158(a) of the Act, the appropriate inquiry is whether those actions "reasonably tended to interfere with or coerce employees in the exercise of their protected rights." Van Vlerah, 130 F.3d at 1262 (quoting Carry Cos of Illinois v. NLRB, 30 F.3d 922, 934 (7th Cir. 1994)) (internal quotations omitted).

Moreover, an employer may also be found liable for violating the Act where it takes an adverse action against an employee in order to discourage union activities. Huck, 327 F.3d at 533 (citing 29 U.S.C. § 158(a)(3) or "Section 8(a)(3)"). In order to prove a violation of Section 8(a)(3), the plaintiff must demonstrate that antiunion animus was a substantial or motivating factor in the employer's decision to take an adverse action against the employee. Id. (citing NLRB v. Joy Recovery Tech. Corp., 134 F.3d 1307, 1314 (7th Cir. 1998)). Antiunion animus is established by showing that "the employees were engaged in union activities, the employer knew of and harbored animus toward union activities, and there was a causal connection between the animus and the implementation of the adverse employment action." Huck, 327 F.3d at 533 (citing NLRB v. Clinton Electronics Corp., 284 F.3d 731, 738 (7th Cir. 2002)).

On the face of his Complaint, Martin fails to even allege he has engaged in any activities protected by the NLRA or that UPS has taken any actions against him that could be construed as a violation of the NLRA. Martin's Complaint contains only allegations of "conditions of abuse" including "theft of private groin" and the "influence of them and those of customers: (a) United Parcel Service…." (Compl. p. 2.) Noticeably missing from any part of Martin's rambling Complaint is any reference to his rights to form, join or assist labor organizations or engage in activities related to collective bargaining. In fact, Martin does not reference any activities at all related to labor organizations or union activities, which is what the NLRA seeks to protect.

Moreover, Martin does not in any way allege in his Complaint that UPS hindered any of his rights under the NLRA or that he was discriminated against for exercising a right protected by the NLRA.  Martin thus presents no actions by UPS that could be construed as discouraging him from exercising any rights he possesses under the NLRA or having been taken by UPS because of any antiunion animus.

Consequently, Martin's failure to in any way connect or relate his allegations to his rights under the NLRA destines his Complaint for dismissal.[1]

### B. The NLRB, Not This Court, is Vested With Primary Jurisdiction Over This Matter

Even if Martin could in some way connect his allegation to any rights protected under the NLRA, his Complaint should still be dismissed because the NLRB, not this Court, is vested with primary jurisdiction to determine what constitutes an unfair labor practice.  Tri-Gen Inc. v. International Union of Operating Engineers, Local 150, 433 F.3d 1024, 1034 (7th Cir. 2006) (citing Kaiser Steel Corp. v. Mullins, 455 U.S. 72, 83 (1982)).  Accordingly, the Supreme Court has held that "[w]hen an activity is arguably subject to § 7 or § 8 of the Act, the States *as well as federal courts* must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted."  San Diego Building Trades Council v. Garmon, 359 U.S. 236, 245 (1959) (emphasis added).  Indeed, the need to have the NLRB determine such disputes is obvious since the "NLRA reflects congressional intent to create a uniform, nationwide body of labor law interpreted and administered by a centralized expert-agency – the NLRB."  NLRB v. State of Ill. Dept. of Employment Security, 988 F.2d 735, 738 (7th Cir. 1993); see also 29 U.S.C. § 160.

---

[1] UPS would be remiss if it did not also point out that although Martin maintains he has been subject to abuse for "five years of continuous employment," the applicable statute of limitations is six months.  See 29 U.S.C. § 160(b).

Thus, even if Martin's allegations could support a possible violation of § 7 or § 8 of the NLRA, his dispute must be first submitted to the NLRB since it is vested with primary jurisdiction in such matters. Accordingly, Martin's Complaint must be dismissed for the additional reason that this Court does not have jurisdiction over the matter.

## CONCLUSION

For the reasons set forth herein, Martin's Complaint fails to state a claim for which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6) and 12(b)(1).

Dated: May 22, 2008

Respectfully submitted,

UNITED PARCEL SERVICE, INC.

By: /s/ Sepideh Esmaili

John A. Klages, ARDC #06196781
Ellen M. Girard, ARDC #06276507
Sepideh Esmaili, ARDC #6292779
Quarles & Brady LLP
500 West Madison Street, Suite 3700
Chicago, Illinois 60661
(312) 715 – 5000
JK2@quarles.com
egirard@quarles.com
sesmaili@quarles.com

**CERTIFICATE OF SERVICE**

     The undersigned attorney certifies that on May 22, 2008, a copy of the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

     The undersigned also certified that she served a true and correct copy of the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS upon:

> Charles Martin
> 768 W. Jackson Blvd.
> Chicago, Illinois 60661

by placing the same in the U.S. Mail at 500 West Madison Street, Chicago, Illinois 60661, properly addressed and first class postage prepaid, before 5:00 p.m. on May 22, 2008.

                                                                     /s/ Sepideh Esmaili