## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2842 | **DATE** | 5/28/2008 |
| **CASE TITLE** | Charles Martin vs. United Parcel Service, Inc., et al. | | |

**DOCKET ENTRY TEXT**

The case is remanded to the Circuit Court of Cook County. Defendant United Parcel Service's motion to dismiss [#7] is moot. Civil Case Terminated.

■ [ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

　　Charles Martin, plaintiff, filed a pro se complaint in the Circuit Court of Cook County on March 21, 2008. The complaint names as defendants United Parcel Service, Inc. (UPS); Mark, Lynn, Michelle, and Tim Brunnetti; George Vela; Pastoria Plis; Jesus Frank Jasso; Jose Vasquez; and Luis Vasquez. UPS timely removed the case to this court asserting federal jurisdiction under 28 U.S.C. § 1331 on the basis that Martin's allegation that he "would like his claim to go through National Labor Relations Board after confirmation through the court" demonstrates that he has raised a federal question.

　　At the outset, the complaint appears to be one of those nonsensical ones over which this court lacks jurisdiction because it is frivolous.[1] But that question cannot be reached here because this case was improperly removed. Martin's assertion that this case should go through court and then to the NLRB does not, of course, establish that such could happen. Rather, the court must discern the nature of the claim and whether it arguably presents a federal question over which this court would have jurisdiction. The complaint seems to allege that Martin was employed at Avenue Meal Company for five years where he was subjected to occupational hazards and harm to his physical and mental well being, specifically "theft of private groin" and "influence of them and those of customers: a. UPS [and other companies and entities]." Martin is possibly alleging further that an employee of UPS, "George," on October 10, 2007 at 11:17 a.m. stole his "private groin."

　　Other than the statement that he wants review by the NLRB, Martin's allegations do not suggest anything related to rights protected by federal labor laws. He does not allege that he is a member of a union and, even if that fact were assumed, he is likely not asserting a right that would be protected by a collective bargaining agreement. Even if he were asserting such a right, a suit in this court would certainly be met by a valid defense that the claim is merely a grievance subject to arbitration and ultimately within the exclusive jurisdiction of the NLRB.

**STATEMENT**

Furthermore, because Martin does not assert rights under a collective bargaining agreement on the face of his complaint, his case does not belong in federal court. It is comparable to *Pitchford* v. *Aladdin Steel*, 828 F. Supp. 610, 611-12 (S.D. Ill. 1993), where an employee claimed that he was discharged for participating in efforts to unionize the defendant's employees and for reporting certain violations of the Occupational Safety and Health Act to the Department of Labor. The defendant employer removed the case to federal court based on the contention that the plaintiff's claims fell within the ambit of §§ 7 and 8 of the National Labor Relations Act (NLRA), 29 U.S.C. §§ 157, 158, and thus removal was proper pursuant to 28 U.S.C. §§ 1441, 1331. *Id*. at 612. The court ruled that the case was improperly removed because the complaint raised only state law claims and because any complaint of unfair labor practice under section 8 of the NLRA would be within the exclusive jurisdiction of the NLRB. *Id*. at 612-13. The court explained that the propriety of removal is judged under the "well-pleaded complaint" rule, under which "plaintiff is the master of the claim and may avoid federal jurisdiction by relying solely on state law, even where it has available both state and federal claims." *Id*. at 612. Noting that "it is settled that a case may not be removed on the basis of a federal law defense, including the defense of preemption, *even if the defense is anticipated in the plaintiff's complaint* and even if both parties concede that the federal defense is the only question truly at issue," *id*. (emphasis added), the court remanded the case to the state court. *Id*. at 614.

UPS has failed to demonstrate that this court has jurisdiction over the subject matter of the complaint. Therefore, even though the case is plainly frivolous, it should not have been removed and it must be returned to the state court.

1. In assessing any complaint the court must first decide whether it has jurisdiction over the subject matter of the law suit. *See Cook* v. *Winfrey* 141 F.3d 322, 325 (7th Cir.1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (internal quotation marks and citations omitted). Furthermore, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit." *Ricketts* v. *Midwest Nat. Bank*, 874 F.2d 1177, 1180 (7th Cir. 1989) (internal quotation marks and citations omitted). The court must first "assess the substantiality of the constitutional or federal statutory allegations of the complaint to determine whether they are . . . 'wholly insubstantial and frivolous.'" *Id*. at 1181-82 (quoting *Bell* v. *Hood,* 327 U.S. 678, 681-82, 66 S. Ct. 773, 90 L. Ed. 939 (1946)). If this condition exists, then the complaint must be dismissed for want of subject matter jurisdiction. *Ricketts*, 874 F.2d at 1182. To be "wholly insubstantial and frivolous," however, the court must find the case "absolutely devoid of merit" or "no longer open to discussion." *Id.* at 1182 (quoting *Hagans* v. *Lavine*, 415 U.S 528, 536-39, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974)).